IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| WARREN A. VANDEVORT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 6:13-CV-03453-NKL |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is the Commissioner's motion to dismiss Plaintiff Warren Vandevort's Complaint, [Doc. 5]. For the reasons set forth below, the Commissioner's motion to dismiss is GRANTED.

**I.     Background**

On July 27, 2012, an administrative law judge issued a decision denying Plaintiffs' claims for benefits under Title II and Title XVI of the Social Security Act. [Doc. 3, at ¶ 5]. Vandevort requested review of the hearing decision from the Appeals Council. The Appeals Council denied Vandevort's request for review on September 9, 2013. *Id.* at ¶ 6. The Appeals Council's denial letter informed Vandevort of his right to commence a civil action within sixty days from the date Vandevort received the letter. [Doc. 5-1, at p. 28]. The letter specified that Vandevort would be presumed to have received the letter five days after the date it was posted, unless Vandevort could show that he did not actually

receive it within the five-day period. *Id.* Vandevort initiated the present action on December 4, 2013.

## II. Discussion

The Commissioner argues that Vandevort's Complaint must be dismissed for failure to state a claim because it was not filed within sixty days of Vandevort's presumptive receipt of notice of the Commissioner's final decision. Vandevort did not respond to the Commissioner's Motion to Dismiss, and there is no indication that Vandevort has filed with the Appeals Council a request for leave to commence his civil action out of time.

It is well-settled that the United States is immune from suit unless it consents to be sued. "[T]he terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) (quotations omitted). Accordingly, Congress may prescribe the procedures and conditions required for judicial review of administrative orders. *City of Tacoma v. Taxpayers of Tacoma*, 357 U.S. 320, 336 (1958). With respect to judicial review of Social Security determinations, the Social Security Administration provides as follows:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). The Commissioner interprets the Social Security Act to require the initiation of a civil action within sixty days of the claimant's receipt of the notice of the

Commissioner's final decision. *See* 20 C.F.R. §§ 404.981, 416.1481. The Commissioner presumes that the claimant received the notice five days after the notice issued, unless the claimant demonstrates otherwise. *See* 20 C.F.R. §§ 404.901, 416.1401. Thus, a claimant must initiate judicial review within sixty-five days of the Commissioner's final decision.

The Commissioner issued a final decision on September 9, 2013. Vandevort was presumed to have received notice of the final decision five days from that date, September 14, 2013. Vandevort was required to initiate his civil action within sixty days of September 14, 2013, which is November 13, 2013. Vandevort initiated this civil action outside of the sixty day period, on December 4, 2013, when he requested leave to proceed in forma pauperis, [Doc. 1].

In some instances, the sixty-day period may be tolled by a court "where the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate." *Bowen v. City of New York*, 476 U.S. 467, 480 (1986). Vandevort did not respond to the Commissioner's Motion to Dismiss and the Court is not aware of any reason the sixty-day period should be tolled. Because Vandevort filed his civil action out of time, his Complaint is dismissed.

### III. Conclusion

For the reasons set forth above, the Commissioner's Motion to Dismiss, [Doc. 5], is GRANTED.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: May 14, 2014
Jefferson City, Missouri